UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LONNIE WILLIAMS,

                Plaintiff,                FILE NO. 2:08-CV-123

v.                                     HON. ROBERT HOLMES BELL

UNKNOWN BURKE et al.,

                Defendants.

_____/

## JUDGMENT ADOPTING REPORT AND RECOMMENDATION

       This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983.  The matter was referred to the Magistrate Judge for screening, pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A and 42 U.S.C. § 1997e(c).  The Magistrate Judge issued a Report and Recommendation ("R&R") (docket #3) recommending that this Court dismiss the action for failure to state a claim.  The matter presently is before the Court on Plaintiff's objections to the R&R (docket #4).

       This Court reviews *de novo* those portions of an R&R to which objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The Court may accept, reject or modify any or all of the Magistrate Judge's findings or recommendations.  *Id.*

       Plaintiff's complaint alleged that Defendants wrongfully confiscated his television. The Magistrate Judge recommended that Plaintiff's due process claim be dismissed because it was barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in other*

*part by Daniels v. Williams*, 474 U.S. 327 (1986).  In his objections, Plaintiff argues that the taking of his television violated numerous prison policies and administrative rules.

Defendants' alleged failure to comply with an administrative rule or policy does not itself rise to the level of a constitutional violation.  *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *Spruytte v. Walters*, 753 F.2d 498, 508-09 (6th Cir. 1985); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687, at *1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectable liberty interest).  Section 1983 is addressed to remedying violations of federal law, not state law.  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *Laney*, 501 F.3d at 580-81.

Having considered each of Plaintiff's objections, the Court finds no error in the reasoning of the Magistrate Judge.  Accordingly,

**IT IS ORDERED** that Plaintiff's objections (docket #4) to the Report and Recommendation (docket #3) of the Magistrate Judge are **DENIED** and the Report and Recommendation of the Magistrate Judge is **ADOPTED** in its entirety as the opinion of this Court.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is dismissed for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A and 42 U.S.C. § 1997e(c).

**IT IS FURTHER ORDERED** that the Court finds no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).

Dated: June 18, 2009                            /s/ Robert Holmes Bell
                                                ROBERT HOLMES BELL
                                                UNITED STATES DISTRICT JUDGE

3